# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
BLUE TULIP CORPORATION,                                      :    Case No. 09-10015 (KG)
a Delaware corporation,                                      :
                                                             :
       Debtor.[1]                                            :
                                                             :    Ref. Docket No. 15 & 36
------------------------------------------------------------ x

## ORDER: (I) AUTHORIZING AND APPROVING (A) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, AND (B) THE CONDUCT OF GOING OUT OF BUSINESS, STORE CLOSING OR SIMILAR THEMED SALES; (II) AUTHORIZING THE DEBTOR TO ASSUME THE CONSULTING AGREEMENT; (III) AUTHORIZING THE BONUS AND INCENTIVE PAYMENTS; AND (IV) GRANTING RELATED RELIEF

Upon consideration of the Motion, dated January 5, 2009, filed by the above-captioned debtor and debtor-in-possession herein (the "Debtor" or "Merchant"), requesting, *inter alia*, the issuance and entry of an Order: (I) Authorizing and Approving (A) the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances, and (B) the Conduct of Going Out of Business, Store Closing or Similar Themed Sales; (ii) Authorizing the Debtor to Assume the Consulting Agreement; (iii) Authorizing the Bonus and Incentive Payments; and (iv) Granting Related Relief [Docket No. 15] (the "Motion");[2] and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a "core" proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1]  The last four digits of the Debtor's tax identification number is (1905) and its headquarters are located at 401 Bordentown Hedding Road, Bordentown, New Jersey 08505.

[2]  Capitalized terms used, but not defined herein, shall have the meaning ascribed in the Motion or the Consulting Agreement, as the case may be.

been provided, and it appearing that no other notice need be given; and a hearing on the Motion having been held before the Court on January 13, 2009, at 1:00 p.m. (Eastern Time) (the "Sale Hearing"); and upon the record of the Sale Hearing; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; and any objections filed to the Motion having been resolved, withdrawn, or otherwise overruled by the Court as provided in this Order; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C. Notice of the Sale Motion, and of the Sale Hearing was given in accordance with the directive of the Court and as otherwise required by applicable law, as evidenced by the affidavits of service on file with the Clerk of the Court.

D. The notice provided of the Sale Motion and of the Sale Hearing was adequate and sufficient under the circumstances, and any otherwise applicable requirement for notice is hereby waived and dispensed with.

E. Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion or the Consulting Agreement between the debtors and Hilco Merchant Resources, LLC (the "Consultant") in the form attached hereto as Exhibit A and incorporated herein (the "Consulting Agreement").

F. The Consultant is acting in good faith, as that term is used in the Bankruptcy Code and the decisions thereunder, and is entitled to the protections of Bankruptcy Code §§ 363(m) and (n) with respect to all of the Assets and in connection with all of the transactions contemplated by the Agreement. The Consulting Agreement was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud. Neither the Debtor nor the Consultant have engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) or cause the application of or implicate Bankruptcy Code § 363(n) to the Consulting Agreement or to the consummation of the transactions contemplated thereby. The Consultant is entitled to all the protections and immunities of Bankruptcy Code § 363(m).

G. The offer of Consultant upon the terms and conditions set forth in the Consulting Agreement, including the form and total consideration to be realized by the Debtor pursuant to the Agreement, (i) is the highest and best offer received by the Debtor; (ii) is fair and reasonable; and (iii) is in the best interests of the Debtor's creditors and estate.

H. The closing of the stores is in the best interest of the Debtor's estate and creditors.

I. Conduct of the Sales at the stores will provide an efficient means for the Debtor to dispose of the merchandise and other assets located at the Closing Locations in accordance with the terms of the Consulting Agreement.

J. The Debtor has represented to this Court that it is neither selling nor leasing personally identifiable information (or assets containing personally identifiable information) pursuant to the Motion, although the Consultant will be authorized to distribute emails and promotional materials to the Debtor's customers consistent with the Debtor's pre-petition marketing practices and existing policies related to personally identifiable information.

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is granted to the extent provided herein. All objections to the Motion that have not been withdrawn, waived, settled, or specifically addressed in this Order, and all reservations of rights included in such objections, are overruled in all respects on the merits and denied.

### Authorization for Sales Free and Clear of Liens

2. The Debtor is hereby authorized, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, to sell the Assets, including the conduct of the Sale at the Stores identified in the Consulting Agreement. No bulk sale, "going-out-of-business", or similar law shall prohibit the Debtor or the Consultant from taking any action contemplated by the Consulting Agreement.

3. Except as otherwise provided for in the Consulting Agreement, pursuant to section 363(f) of the Bankruptcy Code, the Debtor is authorized to sell the Assets, including the assets being sold pursuant to the Consulting Agreement, free and clear of any and all mortgages, security interests, conditional sales or title retention agreements, pledges, hypothecations, liens, judgments, encumbrances or claims of any kind or nature (including, without limitation, any and all "claims" as defined in section 101(5) of the Bankruptcy Code), including, without limitation, the liens and security interests of the Secured Lenders whether arising by agreement, any statute or otherwise and whether arising before, on or after the date on which these chapter 11 cases were commenced (collectively, the "Liens"), with such Liens, if any, to attach to the net Proceeds of such sales, (net of Sale Taxes), with the same validity, force and effect as the same had with respect to the assets at issue, subject to any and all defenses, claims and/or counterclaims or setoffs that may exist.

### Authorization to Conduct the Store Closing Sales

4. The Debtor is hereby authorized and empowered to enter into the Consulting

Agreement, and the Consulting Agreement is hereby approved in its entirety and is incorporated herein by reference.

5. Pursuant to sections 327 and 328 of the Bankruptcy Code, the Debtor is authorized to retain and employ the Consultant in accordance with the terms of the Consulting Agreement.

6. The Consultant shall be compensated by the Debtor in accordance with the terms of the Consulting Agreement pursuant to the standards set forth in section 328(a) of the Bankruptcy Code, and without further order of the Court.

7. The Debtor shall file a monthly summary report of the compensation provided to the Consultant, such compensation to be in accordance with the terms of the Consulting Agreement. The reporting requirements of Del. Bankr. L.R. 2016-2 are hereby waived, provided, however, that the Consultant shall provide to the Debtor, the Official Committee of Unsecured Creditors, (the "Committee"), the Office of the United States Trustee (the "US Trustee"), the Debtor's pre-petition secured lenders (the "Lenders"), and any other party-in-interest who may request a copy of such monthly statement (collectively, the "Notice Parties") a monthly statement (the "Monthly Statement") which identifies the fees, costs and expenses incurred by and paid to the Consultant during the preceding calendar month. Any objection(s) to the fees, costs and expenses identified in the Monthly Statement, that otherwise is not resolved within ten (10) business days after delivery of the Monthly Statement, may be presented to the Court for further resolution and/or disposition.

8. In the exercise of the Debtor's sound business judgment, the Debtor may designate certain FF&E not located at the closing Stores to be sold by the Consultant on the same terms and conditions as the Assets being sold under the Consulting Agreement.

9. Subject to applicable state and local public health and safety laws ("Safety Laws"), and applicable tax, labor, employment, environmental, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, "General Laws"), but with respect to Liquidation Sale Laws and Banner and Signwalker Advertising (each as defined below), not subject to Safety Laws or General Laws, the Debtor and the Consultant be, and they hereby are, authorized to take such actions necessary and appropriate to implement the Consulting Agreement and to conduct the Sale in accordance with the terms of the Consulting Agreement without the necessity of a further order of this Court, including, but not limited to, advertising the Sale through the posting of signs (including the use of exterior banners at (i) non-enclosed mall Stores, and (ii) enclosed mall Stores to the extent the applicable Store entrance does not require entry into the enclosed mall common area), use of sign walkers and street signage, in accordance with the Consulting Agreement and as otherwise provided in the sale guidelines (the "Sale Guidelines"), which Sale Guidelines are hereby approved in the form attached hereto as Exhibit B.

10. Except as expressly provided for in the Consulting Agreement, nothing in this Order, including any payment of the Bonus and Incentive Payments, or the Consulting Agreement and none of the Consultant's actions taken in respect of the Sale shall be deemed to constitute an assumption by Consultant of any of Debtor's obligations relating to any of the Debtor's employees, nor shall Consultant become liable under any collective bargaining or employment agreement or be deemed a joint or successor employer with respect to such employees.

11. All of the transactions contemplated by the Consulting Agreement shall be protected by section 363(m) of the Bankruptcy Code in the event that this Order is reversed or

modified on appeal.

12. The provisions of this Order shall be self-executing notwithstanding any restrictions in the Consulting Agreement on the Consultant's ability to conduct the Sale in compliance with applicable laws or closing Store leases. Unless otherwise ordered by the Court, all newspapers and other advertising media in which the Sale may be advertised, and all landlords are directed to accept this Order as binding authority so as to authorize the Debtor and the Consultant to consummate the Consulting Agreement and to conduct the Sale at the Stores and Distribution Center, including, without limitation, conducting and advertising of the Sale (at the contractual rates charged to the Debtor prior to the Petition Date) in accordance with the Consulting Agreement, the Sale Guidelines and this Order; and no further approval, license or permits of any governmental authority shall be required.

13. Except as to the States (as to which no injunction shall apply whatsoever), and except as expressly provided for herein or in the Sale Guidelines: no person or entity, including but not limited to any landlord or federal or Local Governmental Unit (as defined below): (i) served with a copy of the Motion; or (ii) served with a copy of this Order who does not object pursuant to the provisions of this Order, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sale, or the advertising and promotion (including the posting of signs and use of sign walkers) of such Sale, and all such parties and persons of every nature and description, including landlords and utility companies and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, or otherwise impeding the conduct of the Sale and/or (b) instituting any action or proceeding in any court or administrative body seeking an order or judgment against, among others, the Debtor, the Consultant, or the Debtor's landlords for the Stores that might in any way

directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sale and/or seek to recover damages for breach(es) of covenants or provisions in any lease or sublease based upon any relief authorized herein. This Court shall retain exclusive jurisdiction to resolve such dispute, and such parties or persons shall take no action against the Debtor, the Consultant, the landlords or the Sale until this Court has resolved such dispute. This Court shall hear the request of such persons or parties with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances. No Governmental Units (as defined in section 101(27) of the Bankruptcy Code) shall be bound by this injunctive provision unless it was either previously served with the Motion or subsequently served with this Order, and has had an opportunity to object as provided in this Order, and failed to timely file an objection.

14. The Sale at the Stores shall be conducted by the Debtor and the Consultant without the necessity of compliance with any federal, state or local statute or ordinance, including any Landmark ordinance, lease provision or licensing requirement affecting store closing, "going out of business," liquidation or auction sales, or affecting advertising, including signs, banners, posting of signage, and use of sign walkers, other than Safety Laws and General Laws, except as may otherwise expressly be provided for in the Sale Guidelines. NOTWITHSTANDING THE FOREGOING SENTENCE, OR ANY OTHER PROVISION OF THIS ORDER, OR OF THE CONSULTING AGREEMENT, OR OF THE SALE GUIDELINES TO THE CONTRARY, with respect solely to Consultant's use, in conformity with the Sale Guidelines, of (i) signwalkers; (ii) interior store signage and banners; and (iii) exterior banners ("Banner and Signwalker Advertising"), (A) Consultant is unconditionally authorized to use Banner and Signwalker Advertising (except only to the extent limited by an agreement between Consultant and a landlord entered into in connection with the Sale)

notwithstanding any Liquidation Sales Laws, Safety Laws, General Laws, or lease provision which purports to regulate, prohibit, restrict, or in any way limit such activity so long as such activity is undertaken by Consultant in a safe and professional manner; (B) any person (including without limitation any landlord or Governmental Unit (but not the States)) who, after having received a copy of this Order, and after having been specifically advised in writing of the provisions of this Section, continues to interfere with any Banner and Signwalker Advertisement, including any action by a Governmental Unit taken against a landlord based on the activities of Consultant undertaken pursuant to this Order (other than by seeking redress to this Court as provided in this Section or as permitted by further ruling of the Court as a result thereof) shall be liable to Consultant and/or Debtor and affected landlord(s) for any and all damages resulting from such continued interference; and (C) this Court shall retain exclusive jurisdiction with respect to any claim or issue by any person (including without limitation any State, Governmental Unit, or landlord) that seeks to regulate, prohibit, restrict, or in any other way limit Banner and Signwalker Advertising, or that alleges that Banner and Signwalker Advertising is not being undertaken in a safe and professional manner, with any such claim or issue to be heard by this Court on an expedited basis.

15. Except as expressly provided for in the Consulting Agreement, the Sale at the Stores shall be conducted by the Debtor and the Consultant notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, the rejection of leases, abandonment of assets or "going dark" provisions, provided, however, that nothing in this Order shall impact any objection that any of the Debtor's landlords may have to assumption, assignment or rejection of their respective lease or to any proposed cure amount or rejection damages claim in association with such assumption,

assignment or rejection.

16. Except as may otherwise be specifically set forth in the Sale Guidelines, or any side agreement between the Consultant and the subject landlord, the Debtor and/or the Consultant (as the case may be), are authorized and empowered to transfer assets among the Stores.

17. Except as expressly provided in this Order, nothing in this Order shall be deemed to bar any Governmental Units from enforcing Safety Laws and General Laws in the applicable non-bankruptcy forum, subject to the Debtor's or Consultant's right to assert that any such laws are not in fact Safety Laws or General Laws or that such enforcement is impermissible under the Bankruptcy Code, this Order or otherwise, and provided further that the Governmental Unit shall in the first instance present the matter to this Court for resolution, or to request that they be permitted to proceed with the matter in the applicable non-bankruptcy forum, provided however the Governmental Unit shall provide the Debtor and Consultant and any affected landlord with reasonable notice and opportunity to cure any such alleged violation absent extenuating circumstances and/or to oppose the relief sought by such Governmental Unit; provided further, however, cessation of alleged unlawful conduct after notice shall not, in and of itself, render moot court action by any State, under any circumstances, seeking injunctive relief that may lie even if the Debtor or the Consultant has ceased the alleged unlawful conduct. The Debtor and/or the Consultant and affected landlord do not waive the right to argue that the conduct was in compliance with this Order and/or any applicable law, or preempted by applicable law. In the event that the Debtor and the Consultant are unable to have such Governmental Unit withdraw any citations that may be issued by a Governmental Unit against a landlord, then such landlord shall have the right to file a claim for its reasonably costs and expenses, including attorneys fees,

incurred in connection with such citation.

18. The Debtor shall serve copies of this Order within five (5) business days, via first class mail, upon (i) the State Attorney General's offices (upon (x) Chief or Director of the Consumer Protection Division or Bureau; and (y) Chief or Director of the Bankruptcy Division or Bureau) and State Consumer Protection Agency for each State where a Store is located, and (ii) the Local mayor or similar representative of each village, or city official, and the county or parish where a Store is located, addressed to the attention of the municipal, city or county attorney, in each case to the consumer protection division. Except as provided for in paragraph 17, this Court shall retain exclusive jurisdiction to resolve any dispute arising under Liquidations Sales Laws and related to the Sale Guidelines, the Consulting Agreement, or this Order, by any Local Governmental Unit filed within 20 days of service of this Order. Except as provided in paragraph 14 of this Order with respect to Banner and Signwalker Advertising, nothing herein shall preclude any Governmental Unit from enforcing Safety Laws or General Laws in an appropriate non bankruptcy forum.

19. The Debtors are authorized to conduct the Sale in accordance with the terms of this Order, the Sale Guidelines, and the Consulting Agreement. Provided that the Sale is so conducted (and subject to the provisions of this Order) the Debtor, the Consultant, and the Debtor's landlords, shall be presumed to be in compliance with any State, county, parish, or municipal or other local government's (hereinafter referred to as "Local") requirements governing the conduct of the Sale, including but not limited to Local statutes, regulation and ordinances establishing licensing or permitting requirements, waiting periods, time limits (except as provided in paragraph 38 below with respect to time limits), or bulk sale restrictions that would otherwise apply to the Store Closing Sales (collectively, the "Liquidation Sale Laws") of

(i) any Local Governmental Unit (which means all Governmental Units other than the States or federal Governmental Units) served with a copy of the Motion; and (ii) any Local Governmental Unit served with this Order and who does not object pursuant to the provisions of paragraph 14 of this Order. The terms "Liquidation Sale Law" and "Liquidation Sale Laws" shall be deemed not to include any Safety Laws or General Laws. Except as provided in paragraph 14 with respect to Banner and Signwalker Advertising, nothing herein shall (i) exempt the Debtor and/or the Consultant from compliance with any Safety Laws or General Laws, or (ii) preclude any Governmental Unit from enforcing Safety Laws or General Laws in an appropriate non bankruptcy forum.

20. If there is a dispute (a "Reserved Dispute") over the enforceability of a Liquidation Sale Law, resolution of such Reserved Dispute will take place before this Court, as provided herein and shall only operate prospectively.

21. Any time before the twentieth (20th) day following the a service of this Order as provided for above, any Local Governmental Unit may assert a Reserved Dispute by sending a notice explaining the nature of the dispute to Debtor's and Consultant's counsel. If the Debtor and the objecting Local Governmental Unit (as the case may be, the "Objecting Party") are unable to resolve the Reserved Dispute within fifteen (15) days of receipt of the Objecting Parties notice, either party may file a motion with the Court requesting a resolution of the dispute ("Dispute Resolution Motion"). If such a Dispute Resolution Motion is timely filed, the Debtor and Consultant shall each be entitled to assert that the provisions in question are preempted by the Bankruptcy Code and/or that neither the terms of this Order nor the conduct of the Sale violates the Liquidation Sales Law. The timely filing of a Dispute Resolution Motion, will not affect the finality of this Order or limit or interfere with the ability to conduct the Sale. By

timely filing a Dispute Resolution Motion, all Governmental Units shall be entitled to assert any jurisdictional, procedural or substantive argument that it might heretofore have been entitled to raise. Any such Dispute Resolution Motion will also be served upon any affected landlord.

22. Nothing herein shall be deemed to constitute a ruling on whether any non-bankruptcy state law, regulation or rule applicable to the Sale is preempted by the Bankruptcy Code nor as to whether the automatic stay applies nor is this Order a ruling with respect to whether sovereign immunity applies.

23. This Court shall retain exclusive jurisdiction with regard to all issues or disputes in connection with the order and the relief provided for herein, including, without limitation, to protect the Debtor, the landlords and/or the Consultant from interference with the Sale, and to resolve any disputes related to the Sale or arising under the Consulting Agreement or the implementation thereof.

24. The Consultant shall not be liable for any claims against the Debtor other than as expressly provided for in the Consulting Agreement.

25. All state and federal laws relating to implied warranties for latent defects shall be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales". The Consultant shall accept return of any goods that contains a defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, provided that the consumer must return the merchandise within the time period proscribed by the Debtor's return policy that was in effect when the merchandise was purchased (except with respect to items purchased during the Sale, in which case such items must be returned prior to the termination of the sale, the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect). The Debtor shall reimburse the Consultant

for any documented refund attributable to a "latent" defect as part of the weekly sale reconciliation process.

26. The Debtor, the Consultant and each of their respective officers, employees and Consultants be, and they hereby are, authorized to execute such documents and to do such acts as are necessary or desirable to carry out the Sale and effectuate the Consulting Agreement and the related actions set forth therein.

27. The Consultant shall have the right to use the Stores and all related Store services, furniture, fixtures, equipment and other assets of Merchant as designated hereunder for the purpose of conducting the Sale, in accordance with the provisions of the Consulting Agreement through the Sale Termination Date.

28. The provisions of this Order and the Consulting Agreement and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered confirming or consummating any plan of reorganization of the Debtor, or which may be entered converting the Debtor's cases from chapter 11 to chapter 7, and the terms and provisions of the Consulting Agreement as well as the rights and interests granted pursuant to this Order and the Consulting Agreement shall continue in this or any superseding case and shall be binding upon the Debtor, the Consultant and their respective successors and permitted assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code. Any trustee appointed in these cases shall be and hereby is authorized, but not obligated, to continue to operate the business of the Debtor to the fullest extent necessary to permit compliance with the terms of this Order and the Consulting Agreement and the Consultant and the trustee shall be and hereby are authorized, but not obligated, to perform under the Consulting Agreement upon the appointment of a trustee without

the need for further order of this Court for a period of ten (10) days, subject to further Court approval. In the event a chapter 7 trustee appointed in this case moves for an order of this Court in connection with the continued operation of the business, such motion shall be heard on an expedited basis.

29. Before any sale, abandonment or other disposition of computers (including software) and/or cash registers and any other point of sale FF&E (collectively, "POS Equipment"), which may contain Personally Identifiable Information, the Debtor shall remove or cause to be removed the Personally Identifiable Information from the POS Equipment.

### Bonus and Incentive Payments

30. The Debtor is authorized, but not directed, to pay its full time employees Bonus Payments, in its sole discretion; provided, that no Bonus Payment shall exceed two (2) weeks salary for any eligible employee.

31. The Debtor is authorized, on a final basis, to make Bonus Payments in an amount not to exceed $30,000 (the "Initial Bonus Amount"). The Committee, the Lender, the US Trustee and all parties requesting notice pursuant to Bankruptcy Rule 2002 shall have until 4:00 p.m. (ET) on January 20, 2009 (the "Bonus Objection Deadline"), to object (a "Bonus Objection") to Bonus Payments in an additional aggregate amount not to exceed $20,000 (the "Additional Bonus Amount"). All Bonus Objections must be filed with the Court and served upon counsel to the Debtor so as to be received by the Bonus Objection Deadline.

32. If no Bonus Objections are filed and served by the Bonus Objection Deadline, the Additional Bonus Amount shall be approved on a final basis, without the need for further notice and hearing, and the Debtor shall immediately be authorized to make Bonus Payments up to an aggregate amount of $50,000 (subject to paragraph 30). If one or more Bonus-Related Objections are received on or prior to the Bonus Objection Deadline, a hearing on such Bonus-

Related Objection(s) shall be held on January 30, 2009 at 4:00 p.m. (ET).

33. The hearing on the Motion is adjourned until January 30, 2009 at 4:00 p.m. (ET) with respect to the authorization and approval of the Incentive Payments.

### Other Provisions

34. This Order constitutes an authorization of conduct by the Debtor and nothing contained herein shall be deemed to constitute a ruling with regard to the sovereign immunity of any state, and the failure of any state to object to the entry of this Order shall not operate as a waiver with respect thereto.

35. To the extent, if any, anything contained in this Order conflicts with a provision in the Consulting Agreement or the Sale Guidelines, this Order shall govern and control. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

36. To the extent that the disposition of the assets under the Consulting Agreement would constitute the sale of an interest in a consumer credit transaction that is subject to the Truth in Lending Act or an interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time, then the purchaser shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

37. The transactions contemplated by the Consulting Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

38. Notwithstanding Bankruptcy Rules 6004, and 6006, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. Immediately

upon entry of this order, the Debtor and the Consultant are free to perform under the Consulting Agreement at any time, subject to the terms of the Consulting Agreement, and the Consultant shall be afforded the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Consulting Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

39. The Consultant is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Consulting Agreement and the conduct of the Sale.

40. Notwithstanding any other order entered by this Court, the Lenders agree that the Debtor is entitled to a claim pursuant to section 506(c) of the Bankruptcy Code in the actual amount of unpaid fees and expenses earned and incurred by Consultant under the Consulting Agreement (the "<u>506(c) Claim</u>"), which amount represents reasonable, necessary and actual costs and expenses incurred by the Debtor in the course of preserving, and selling, the Merchandise and FF&E for the benefit of the Lenders. To the extent that payment for such items has not been previously funded by the Lenders to the Consultant, the 506(c) Claim shall be funded directly by the Lender to the Consultant, regardless of whether such claim is payable following the dismissal or conversion of this case to a case under chapter 7 of the Bankruptcy Code. The Lender consents to the allowance of the 506(c) Claim, and the application of the funds derived therefrom, in the manner set forth in this paragraph.

Dated: Wilmington, Delaware
January 13, 2009

_____
KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE