## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| BLUE TULIP CORPORATION | : | Case No. 09-10015 (KG) |
| a Delaware corporation, | : | |
| | : | |
| Debtor.[1] | : | **Docket Ref. No. 320 & 329** |

---

### NOTICE OF (A) ENTRY OF ORDER CONFIRMING THE DEBTOR'S AMENDED CHAPTER 11 PLAN OF LIQUIDATION, (B) OCCURRENCE OF EFFECTIVE DATE, AND (C) BAR DATES FOR FILING ADMINISTRATIVE CLAIMS AND FEE CLAIMS

PLEASE TAKE NOTICE that on **June 4, 2009** (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its Findings of Fact, Conclusions of Law and Order Confirming Blue Tulip Corporation's Amended Chapter 11 Plan of Liquidation, as of June 2, 2009 (the "Confirmation Order") which confirmed Blue Tulip Corporation's Amended Chapter 11 Plan of Liquidation, as of June 2, 2009 (the "Plan"). Unless otherwise defined herein, capitalized terms have the meanings ascribed to them in the Plan.

PLEASE TAKE FURTHER NOTICE that pursuant to Article XI of the Plan, the Effective Date of the Plan was **June 5, 2009**.

### Bar Dates for Filing Various Types of Claims

**(A)** **Administrative Claims**. Unless otherwise ordered by the Bankruptcy Court, requests for payment of Administrative Claims (except for Fee Claims), for the period from February 24, 2009 through and including the Effective Date, must be filed and served on: counsel for the Post-Confirmation Debtor, Young, Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, The Brandywine Building, P.O. Box 391, Wilmington, Delaware 19899-0391 (Attn: Sean M. Beach and Ryan M. Bartley), the Chief Liquidating Officer, Blue Tulip Corporation , c/o Patrick Farrell, Chief Liquidating Officer, 230 North Maple Avenue, B1 Box 333, Marlton, New Jersey 08053.and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), The Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2313, Lock Box 35, Wilmington, Delaware 19801 (Attn: David M. Klauder), no later than July 6, 2009 (the "Administrative Claim Bar Date"). **HOLDERS OF ALLEGED ADMINISTRATIVE CLAIMS ARISING ON OR PRIOR TO FEBRUARY 24, 2009, AND SUBJECT TO THE BAR DATE ORDER, FOR WHICH NO REQUEST FOR ALLOWANCE WAS MADE ON OR PRIOR TO MARCH 31, 2009 ARE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH ALLEGED ADMINISTRATIVE CLAIM AND/OR PARTICIPATING IN DISTRIBUTIONS UNDER THE PLAN ON ACCOUNT THEREOF. ACCORDINGLY, SUCH CLAIMS SHOULD NOT BE FILED WITH THE COURT ABSENT SPECIFIC RELIEF.**

Objections to requests for payment of Administrative Claims (except for Fee Claims) must be filed and served on: counsel for the Post-Confirmation Debtor, the Chief Liquidating Officer, the Office of the U.S. Trustee and the requesting party within one hundred twenty (120) days after the Effective Date, unless extended by the Bankruptcy Court.

**(B)** **Fee Claims**. Unless otherwise ordered by the Bankruptcy Court, requests for payment of Fee Claims incurred through the Effective Date, must be filed and served on: counsel for the Post-Confirmation Debtor, the Chief Liquidating Officer, and the parties entitled to receive notice under the Administrative Compensation Order **no later than July 6, 2009** (the "Fee Claim Bar Date").

Objections to Fee Claims must be filed and served on: counsel for the Post-Confirmation Debtor, the Chief Liquidating Officer, the parties entitled to receive notice under the Administrative Compensation Order and the requesting party within twenty (20) days after the filing of such Fee Claim, unless extended by the Bankruptcy Court.

**(C)** **Rejection Damage Claims**. All proofs of claim with respect to Claims arising from the rejection of executory contracts or leases ("Rejection Damage Claims") pursuant to the terms of the Plan shall, unless another order of the Bankruptcy Court provides for an earlier date, be filed with the Bankruptcy Court within thirty (30) days after the Effective Date of the Plan. All Rejection Damage Claims shall be treated as Class 4 Claims for purposes of distributions under the Plan, unless and until the party asserting such Claim obtains an order of the Bankruptcy Court upon notice to the Debtor that allows the Claim in another Class under the Plan.

PLEASE TAKE FURTHER NOTICE that pursuant to Article XII of the Plan, the following release, exculpation and injunction provisions are self-effectuating and immediately applicable.

---

[1] The last four digits of the Debtor's tax identification number are (1905) and its mailing address is 230 North Maple Avenue, B1 Box 333, Marlton, New Jersey 08053.

1. **Release**

On the Effective Date, in consideration for, among other things, (i) the Global Settlement, (ii) the release of the Global Settlement Amount and the Farrell Claim, (iii) the Prepetition Lenders' agreement to the treatment accorded to the Holders of Claims under the Plan, (iv) their support for the Plan, and (v) other consideration and reasons, (A) the Current Directors and Officer and (B) the Prepetition Lenders and each of their respective present and former subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, and other advisors and their successors and assigns, in their individual and representative capacities (each of the foregoing a "Released Party," and collectively, the "Released Parties"), are forever released from any and all rights, claims, demands, debts, obligations, or liabilities of every kind or nature, known or unknown, whether in law or equity, including, without limitation, by way of setoff, that any entity, including, without limitation, the Debtor, its estate, its Creditors, or the Creditors Committee may have asserted, could have asserted, or could in the future assert, directly or indirectly, against any of the Released Parties in connection with, arising out of, or in any way relating to the Debtor, its Estate, or its business, the Note Purchase Agreement, the Prepetition Lenders' secured loans to the Debtor, or this Chapter 11 Case, whether prior to or subsequent to the Petition Date, including, without limitation, any and all claims or causes of action (in the broadest sense) that the Committee has contemplated prosecuting by filing the Noteholders Complaint against any of the Released Parties, including any actions that could be commenced pursuant to Chapter 5 of the Bankruptcy Code (whether under bankruptcy or non-bankruptcy law) against a Released Party, except for any claims represented by allowed proofs of claim filed against the Debtor by a Released Party. This release provision shall be self executing and enforceable on the Effective Date without any further action by any Entity.

2. **Exculpation**

On and after the Effective Date, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is hereby released from, any claim, cause of action or liability to any other Exculpated Party, to any Holder of a Claim or Interest, or to any other party in interest, for any act or omission that occurred during and in connection with the Chapter 11 Case or in connection with the preparation and filing of the Chapter 11 Case, the formulation, negotiation, and/or pursuit of confirmation of this Plan, the consummation of this Plan, and/or the administration of this Plan and/or the property to be distributed under this Plan, except for claims, causes of action or liabilities arising from the gross negligence, willful misconduct, fraud, or breach of the fiduciary duty of loyalty of any Exculpated Party, in each case subject to determination of such by final order of a court of competent jurisdiction and provided that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan. Without limiting the generality of the foregoing, the Debtor, the Estate, the Creditors Committee, and their respective officers, directors, employees, members, attorneys, and Professionals, shall be entitled to and granted the protections and benefits of section 1125(e) of the Bankruptcy Code. No provision of this Plan, the Disclosure Statement, or the Confirmation Order shall be deemed to act upon or release any claims, Causes of Action or liabilities that the Estate or any party in interest may have against or to any Person for any act, omission, or failure to act that occurred prior to the Petition Date other than in connection with the preparation and filing of the Chapter 11 Case, nor shall any provision of this Plan or the Confirmation Order be deemed to act to release any Avoidance Actions.

3. **General Injunction**

Except as otherwise provided in the Plan or an order of the Court, on and after the Confirmation Date, all Entities who have held, hold or may hold Claims against or Interests in the Debtor are, with respect to any such Claims or Interests, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, the Estate, the Released Parties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Entities (collectively, the "Injunction Parties"), or against any property of the Injunction Parties; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, of any judgment, award, decree or order against the Injunction Parties or against any property of the Injunction Parties; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Injunction Parties or against any property of the Injunction Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due the Injunction Parties; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan.

| | |
|---|---|
| Dated: Wilmington, Delaware<br>June 5, 2009 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>  */s/ Ryan M. Bartley*  <br>James L. Patton, Jr. (No. 2202)<br>Sean M. Beach (No. 4070)<br>Ryan M. Bartley (No. 4985)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>Counsel for Post-Effective Debtors |